UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>                       Plaintiff,<br><br>v.<br><br>EDWARD LOPEZ, JR.,<br><br>                      Defendant. | Case No.: 90cr1089-CAB-1; 17cv878-CAB<br><br>**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [Doc. No. 220] FOR LACK OF JURISDICTION** |

On April 27, 2017, Petitioner Edward Lopez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. [Doc. No. 220.] On June 2, 2017, Respondent filed a motion to dismiss the petition for lack of jurisdiction. [Doc. No. 222.] On June 28, 2017, Petitioner filed a Traverse/Reply to Government's motion to dismiss. [Doc. No. 223.] For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 is HEREBY DISMISSED for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 1990, Petitioner was charged with unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. No. 1]; *United States v. Lopez*, 8 F.3d 32 (9th Cir. 1993) (unpublished) ("Lopez I"). Petitioner

was subsequently convicted and sentenced to 180 months' custody. *United States v. Lopez*, 108 F.3d 339 (9th Cir. 1997) (unpublished) ("Lopez II"). After several appeals and remands, Petitioner's conviction and sentenced were affirmed on February 13, 1997. *Id.* Petitioner's conviction and sentence thereafter became final when the United States Supreme Court denied certiorari on February 23, 1998. *Lopez v. United States*, 118 S. Ct. 1098 (1998).

On February 17, 1999, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 128.] This Court denied that motion on July 20, 1999. [Doc. No. 136.] The Ninth Circuit subsequently denied a Certificate of Appealability on March 22, 2001. [Doc. No. 139.] On April 27, 2017, Lopez filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 220.] There is no indication that Petitioner has sought leave from the Ninth Circuit to file a second motion challenging his sentence in this matter.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The requirements of section 2255(h) "create[ ] a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain [the Ninth Circuit's]

authorization, the district court lacks jurisdiction to consider the second or successive application.'" *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (quoting *Lopez*, 577 F.3d at 1061). Thus, "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

As discussed above, petitioner filed § 2255 petition in 1999, and has now filed another § 2255 petition. There is no indication that petitioner has sought or obtained the requisite certificate from the Ninth Circuit authorizing him to file this § 2255 motion. In his traverse, Petitioner makes arguments as to why he should be allowed to file a successive petition, but he does not address the requirement that such a motion must be filed with the "appropriate court of appeals." 28 U.S.C. § 2255(h).

Because Petitioner has failed to obtain authorization from the Ninth Circuit as required by § 2255(h), this court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); *Washington*, 653 F.3d at 1065 (holding that the district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (holding that the district court lacked jurisdiction to consider the merits of a successive § 2255 claim where the petitioner did not request the requisite certification from the Ninth Circuit). *See also Williams v. United States*, 2016 WL 2745814 (D. Hawaii, May 11, 2016), *3-5 (finding that second §2255 motion based on *Johnson v. U.S.*, 135 S.Ct. 2551(2015), required Ninth Circuit certification).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

## CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 [Doc. No. 220] is **HEREBY DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 7, 2017

Hon. Cathy Ann Bencivengo
United States District Judge